IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF OKLAHOMA

(1) MICHAEL MARTIN,

        Plaintiff,

vs.

(2) UNITED STATES OF AMERICA, ex rel
DEPARTMENT OF VETERANS AFFAIRS, d/b/a
VA HOSPITAL,

        Defendant.

Case No. CIV-13-923-W

## COMPLAINT

The Plaintiff, Michael Martin, for his cause of action against the United States ex rel the Department of Veterans Affairs d/b/a VA Hospital, in Oklahoma City, Oklahoma, states:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff is a resident of McAlester, Oklahoma.

2. Defendant, United States of America, (hereinafter "Defendant USA"), by and through its several departments, at all times pertinent hereto, has owned, operated, managed, staffed, controlled, and acted through the United States Department of Veteran Affairs, which provides health care to veterans at the Veterans Affairs Medical Center of Oklahoma City, Oklahoma (hereinafter "VAMC OKC").

3. The VAMC OKC is located in Oklahoma County, Oklahoma which lies within the Western District of Oklahoma.

4. The United States Department of Veteran Affairs is a federal agency as defined under the Federal Tort Claims Act, 28 U.S.C. §2671 *et seq.* (hereinafter "FTCA").

1

5. Pursuant to the FTCA, Defendant USA is liable in tort for the acts and omissions of its employees, agents and servants who provide services at the VAMC OKC.

6. Defendant USA, acting through its agents, servants and employees at the VAMC OKC, provided negligent, substandard health care services to Plaintiff, at the VAMC OKC, which gives rise to this action.

7. The acts and omissions which give rise to this action occurred in Oklahoma City, Oklahoma which lies within the Western District of Oklahoma. Therefore, venue is proper pursuant to 28 U.S.C. §1402(b).

8. Pursuant to 28 U.S.C. §1346(b)(1) and the FTCA, this Court has jurisdiction of this matter.

9. Plaintiff gave timely written notice of these claims against the Defendant USA within two (2) years after the claim arose as required by 28 U.S.C. §2401.

10. Said claim was formally denied March 5, 2013, by the Department of Veterans Affairs Office of the Regional Counsel in Minneapolis, Minnesota. A copy of the denial is attached as Exhibit A and incorporated herein by reference. Therefore, Plaintiff properly brings this action at this time.

**THE CLAIMS**

Plaintiff, Michael Martin, adopts and incorporates by reference the allegations of paragraphs 1-10 above, and further alleges as follows:

11. Upon information and belief, at all times material to this action, the individuals whose conduct is at issue were agents and employees of Defendant USA and were acting within the scope of their employment.

12.     On May 31, 2012, Plaintiff underwent a surgery in VAMC OKC known as aortofemoral bypass graft.

13.     During the surgery, the doctor negligently cut the left ureter and, additionally, failed to realize that he had done so.

14.     After a hospital stay, Plaintiff was discharged on June 7, 2012 without the negligently severed ureter being discovered.

15.     Plaintiff was admitted into intensive care at VAMC OKC on June 28, 2012, with retroperitoneal fluid collection near the inferior of left kidney due to a ureteral injury with infected urinoma status post aortofemoral bypass graft.

16.     During the admission of June 28, 2012, Plaintiff underwent surgical placement of a catheter into the left kidney to divert urine from the injured left ureter.

17.     Plaintiff was discharged again from VAMC OKC on July 3, 2012.

18.     On July 18, 2012, Plaintiff was again admitted at VAMC OKC with acute renal failure. He was discharged against three days later.

19.     Plaintiff was again admitted to the VAMC OKC on August 28, 2012 and was hospitalized until September 10, 2012 with complications resulting from the initial surgery and subsequent infections.

20.     Plaintiff was once again admitted to VAMC OKC on September 24, 2012 and was hospitalized under October 29, 2012, where he was treated, *inter alia*, for infection in his abdomen and his left kidney was removed.

21. Defendant USA, by and through its agents and employees, negligently rendered care and treatment with fell below the acceptable medical and nursing standards to Plaintiff on May 31, 2012 and/or at each subsequent admission.

22. As a direct result of the negligent care and treatment rendered by the Defendant USA through its agents and employees, Plaintiff suffered serious personal injury.

23. Defendant USA, directly and/or through its agents, servants and employees, negligently failed to possess and exercise that degree of skill, care and learning expected from and ordinarily possessed and exercised by, reasonably prudent physicians, nurses, attendants, assistants, consultants, and other health care providers practicing in the State of Oklahoma, and/or in the same or similar locality.

24. The acts and omissions of Defendant USA, through its employees, agents and servants at VAMC OKC, directly caused injuries to Plaintiff.

25. Defendant USA is vicariously liable for negligence of the physicians and other health care professionals who provided substandard medical care and treatment to Michal Martin on May 31, 2012 and/or at each subsequent admission.

26. The negligence and breach of applicable standards of care by Defendant USA, acting through its employees and agents, include but are not limited to the following:

    a. failure to appropriately evaluate, diagnose, treat, and admit Plaintiff for hospitalization;

    b. failure to order, perform, and properly interpret diagnostic procedures and testing;

    c. failure to refer Plaintiff to appropriate consultation;

    d. failure to properly evaluate for and make a proper diagnosis and treatment plan;

e. negligent discharge of a patient in violation of EMTALA and the applicable standard of care;

f. failure to admit for hospitalization and further care and monitoring, an unstable and critically ill patient;

g. failure to promptly evaluate, integrate, and inform the patient and/or the Plaintiff of the significance of his injury;

h. failure to provide Plaintiff with all the medical information necessary to seek other clinical options outside of the VAMC OKC;

i. failure to promptly and properly institute appropriate clinical intervention, therapy, and/or treatment;

j. failure to administer proper medications for the condition(s) of Plaintiff; and

k. failure to adequately and appropriately supervise its healthcare providers, including physicians, physicians in training, physicians' assistants, nurses, nurse practitioners, aides, etc., all of which resulted in the severe personal injuries and Plaintiff's other damages.

27. As a result of the Defendant's negligence, Plaintiff has suffered and will suffer pain of body and mind, medical expenses, has lost income, has lost earning capacity, was permanently injured, and was otherwise damaged in the amount of $5,000,000.

**WHEREFORE**, the Plaintiff, Michael Martin, prays this Court enter judgment against the Defendant, United States of America, in the amount of $5,000,000, together with interest and costs of this action, and for any and all other relief this Court deems just and reasonable.

Respectfully submitted,

_____
Tim Maxcey, OBA # 13567
Eric Grantham, OBA # 22156
*Stipe, Harper, Laizure, Uselton,*
*Belote, Maxcey & Thetford LLP*
343 East Carl Albert Pkwy
P. O. Box 1369
McAlester, Oklahoma 74502
(918) 423-0421
(918) 423-0266 (facsimile)
tmaxcey@stipelaw.com
eric@stipelaw.com
*Attorney for Plaintiff*

**ATTORNEYS LIEN CLAIMED**